# Exhibit B

Documents Filed in the
State Court Action

Electronically Filed - Clinton - May 07, 2020 - 12:10 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | | |
|---|---|---|
| **CORTEZ CODY,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LANCESOFT INC.,** | ) | |
| **Registered Agent:** | ) | |
| **National Registered Agents, Inc.** | ) | |
| **4701 Cox Road, Ste. 285** | ) | |
| **Glen Allen, VA   23060** | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

**COMES NOW** the Plaintiff, Cortez Cody, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following class action Petition against Defendant, LanceSoft, Inc., LLC, ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from a third party.

3. Defendant paid a fee to a third party for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions regarding prospective or current employees.

6. Defendant relies on information in a Consumer Report, in whole or in part, as a

basis for adverse employment action; such as a rescission of employment offer, refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff Cody is a resident of Kansas City, Missouri. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12. Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14. Plaintiff applied online for employment with Defendant in of about December 2019.

15. Defendant made an offer of employment to the Plaintiff on or about December 9, 2019.

16. Plaintiff took and passed a drug tests.

17. The Defendant obtained a Consumer Report on the Plaintiff from A-Check Global.

18. Plaintiff received a phone call from an employee of the Defendant and was told that they offer of employment was being rescinded because of information in his consumer report.

19. Denying the Plaintiff a job because of information in his Consumer Report is an adverse action.

20. Defendant did not give the Plaintiff a copy of his Consumer Report.

21. Defendant is aware of the FCRA.

22. Defendant has knowledge that it must comply with the FCRA.

23. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

24. Defendant's failure to provide the Plaintiff with a copy of the Consumer Report, a reasonable notice period in which to address and/or challenge any information in the Consumer Report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

25. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

26. The manner in which the Defendant obtained a Consumer Report on the Plaintiff is consistent with its policies and procedures governing the procurement of Consumer Reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

27. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

28. Plaintiff asserts the following adverse action class defined as:

> **Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after May 7, 2018, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of the Consumer Report by the Defendant in advance of the adverse action.

### Numerosity

29. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the number of employees working for and/or applying for employment with or through the Defendant, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

### Common Questions of Law and Fact

30. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

   a. Whether Defendant uses Consumer Report information to evaluate individuals for employment purposes;

   b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the

Consumer Report to the affected individuals;

c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to address any information within the Consumer Report prior to the adverse employment action;

d. Whether Defendant's violations of the FCRA were willful;

e. The proper measure of statutory damages and punitive damages.

**Typicality**

31. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses Consumer Reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

32. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

**Superiority**

33. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact

overwhelmingly predominate over individual questions that may arise.

34. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

35. This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

36. Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning

Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

37. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

38. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

39. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

40. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against Plaintiff, and on information and belief, other members of the adverse action class.

41. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

42. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address any information or inaccuracies within the Consumer Reports prior to the adverse action.

43. Had Defendant complied with the FCRA, Plaintiff would have been given time to review, dispute, contest, and/or address the information contained in the Consumer Report.

44. Defendant did not provide the Plaintiff with a reasonable amount of time to review, dispute, contest, address and/or otherwise challenge any information that may have been present in the Consumer Report before taking an adverse action.

45. Defendant did not provide the Plaintiff with a FCRA Summary of Rights prior to the adverse action.

46. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

47. Defendant's failure to abide by the FCRA's notice provisions deprived the Plaintiff of required information and his right to address the information being used to deny his employment.

48. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a.  Defendant has access to legal advice;

    b.  Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the Consumer Report, and not providing the Plaintiff with a reasonable notice period to address and/or cure any information before taking adverse employment action as mandated by the FCRA;

    c.  The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d.  15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of Consumer Reports of the users legal obligations under the FCRA prior to the procurement of Consumer Reports.

49. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

50. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

51. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a.   An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b.   Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.   Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d.   Order finding that Defendant committed multiple, separate violations of the FCRA;

e.   Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.   Order awarding statutory damages and punitive damages as provided the FCRA;

g.   Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.      Order granting other and further relief, in law or equity, as this Court may

deem appropriate and just.

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands a jury trial on all causes of action and claims with

respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - May 07, 2020 - 12:10 PM

## IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI

| | |
|---|---|
| **CORTEZ CODY,** ) | |
| Individually And On Behalf Of ) | |
| All Others, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| **LANCESOFT, INC.,** **)** | |
| Defendant. ) | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE THAT Plaintiff requests that Defendant produce for inspection and copying the documents described below. Production shall be made at the office of Plaintiff's attorneys, C. Jason Brown and Jayson A. Watkins, Brown & Watkins LLC; 301 S. US 169 Hwy; Gower Missouri 64454, within the time prescribed by the applicable rules of civil procedure or at such other time and place as may be mutually agreed.

If there are documents responsive to any of the foregoing Requests which Defendant refuses to produce, please define or designate the documents in your Response with sufficient particularity, pursuant to the Federal Rules of Civil Procedure, to allow us to make a motion for a court order to require production of these documents.

PLEASE TAKE NOTICE THAT Plaintiff will object to the introduction at trial of any document which is not produced in response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate response to this Request for Production of Documents.

Plaintiff will at the time of trial move the court for an order excluding from evidence all tangible or intangible things known to you at the time of your responses to these Requests and Interrogatories not disclosed in your response thereto.

Electronically Filed - Clinton - May 07, 2020 - 12:10 PM

## REQUESTS FOR PRODUCTION

**Request No. 1:** Any and all documents the Defendant used to disclose to the Plaintiff that a consumer report would be procured for employment purposes.

**Response:**

**Request No. 2:** Any and all documents in which the Defendant received authorization from the Plaintiff to obtain a consumer report for employment purposes.

**Response:**

Respectfully submitted,

By: /s/ C. Jason Brown
C. Jason Brown MO #49952
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Clinton - May 07, 2020 - 12:10 PM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI**

| | | |
|---|---|---|
| **CORTEZ CODY,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LANCESOFT, INC.,** | **)** | |
|     Defendant. | ) | |

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

Comes now Plaintiff, by and through counsel, and pursuant to Local Rule of

Clinton County, hereby moves for the appointment of Jody Ashworth of HPS Process

Service & Investigations, Inc., as private process server in the above captioned-matter.

Plaintiff states that Jody Ashworth is over the age of 18 and is not a party to this action.


By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFFS

Electronically Filed - Clinton - May 07, 2020 - 12:11 PM

**IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI**

| | | |
|---|---|---|
| **CORTEZ CODY,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LANCESOFT INC.** | **)** | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record

for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

**20CN-CC00036**

Electronically Filed - Clinton - May 07, 2020 - 12:10 PM

**IN THE CIRCUIT COURT OF CLINTON COUNTY MISSOURI**

| | | |
|---|---|---|
| **CORTEZ CODY,** | ) | |
| Individually And On Behalf Of | ) | |
| All Others, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LANCESOFT, INC.,** | ) | |
| Defendant. | ) | |

> **FILED**
> **5/7/2020**
> **ELLIS DOCKRAY**
> **CIRCUIT CLERK**
> **EX-OFFICIO RECORDER**
> **CLINTON CO, MO**

**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and Jody Ashworth who is over the age of 18 and not a party to this action, of HPS Process Service & Investigations, Inc., is hereby appointed to serve process in the above captioned matter.

DATE: ___5/07/2020___

_____
Judge or Circuit Clerk



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00036 |
| Plaintiff/Petitioner:<br>CORTEZ CODY | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 |
| vs. | |
| Defendant/Respondent:<br>LANCESOFT, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

*FILED*<br>*5/13/2020*<br>*ELLIS DOCKRAY*<br>*CIRCUIT CLERK*<br>*EX-OFFICIO RECORDER*<br>*CLINTON CO, MO*

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:  LANCESOFT, INC.**
**Alias:**

C/O NATIONAL REGISTERED AGENTS
4701 COX ROAD, STE. 285
GLEN ALLEN, VA 23060

*COURT SEAL OF*

*CLINTON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

5/13/2020
_____
Date

_____
Clerk

BY: ANGELIA STONE, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 5:20-cv-06086-FJG   Document 1-2   Filed 06/12/20   Page 17 of 19

Electronically Filed - Clinton - June 05, 2020 - 10:03 AM



**IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI**

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00036 | *FILED*<br>*5/13/2020*<br>*ELLIS DOCKRAY*<br>*CIRCUIT CLERK*<br>*EX-OFFICIO RECORDER*<br>*CLINTON CO, MO* |
|---|---|---|
| Plaintiff/Petitioner:<br>CORTEZ CODY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO 64454-9116 | |
| Defendant/Respondent:<br>LANCESOFT, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **LANCESOFT, INC.**
            **Alias:**

C/O NATIONAL REGISTERED AGENTS
4701 COX ROAD, STE. 285
GLEN ALLEN, VA 23060

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CLINTON COUNTY*

    5/13/2020
    ————————————
    Date

    ————————————
    Clerk

Further Information:            BY: ANGELIA STONE, DEPUTY CLERK

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
_____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
Teresa Brown _____ (name) Intake Manager _____ (title).
☐ other: _____.

Served at 4701 Cox Rd. Suite 285, Glen Allen, VA 23060 _____ (address)

in ___Henrico___ (County/City of ~~St. Louis, MO,~~ on _05/15/2020_ (date) at _9:45AM_ (time).
                   Virginia

___Jody Ashworth___
Printed Name of Sheriff or Server     **Must be sworn before a notary public if not served by an authorized officer:**
                                      Signature of Sheriff or Server

MARK W. HAGOOD
NOTARY PUBLIC     Subscribed and sworn to before me on _06/04/2020_ (date).
REGISTRATION # 7533351
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES NOV. 30, 2022   My commission expires: _11/30/2022_
                                   Date                      Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ ___10.00___ | |
| Mileage | $ _____ | ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-195**      1 of 1      Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI**

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: **20CN-CC00036** | *FILED*<br>*5/13/2020*<br>*ELLIS DOCKRAY*<br>*CIRCUIT CLERK*<br>*EX-OFFICIO RECORDER*<br>*CLINTON CO, MO* |
|---|---|---|
| Plaintiff/Petitioner:<br>CORTEZ CODY<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>301 S US HIGHWAY 169<br>GOWER, MO  64454-9116 | |
| Defendant/Respondent:<br>LANCESOFT, INC. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO  64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  LANCESOFT, INC.

Alias:

C/O NATIONAL REGISTERED AGENTS
4701 COX ROAD, STE. 285
GLEN ALLEN, VA  23060

**COURT SEAL OF**

**CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

5/13/2020
_____
Date

_____
Clerk

BY: ANGELIA STONE, DEPUTY CLERK

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

Teresa Brown _____ (name) Intake Manager _____ (title).

☐ other: _____.

Served at 4701 Cox Rd. Suite 285, Glen Allen, VA 23060 _____ (address)

in   Henrico _____ (County/City of ~~St. Louis~~), ~~MO,~~ on   05/15/2020 ____ (date) at  9:45AM ____ (time).
Virginia

Jody Ashworth
_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

MARK W. HAGOOD
NOTARY PUBLIC
REGISTRATION # 7533351
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES NOV. 30, 2022

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on   06/04/2020 ____ (date).

commission expires:   11/30/2022 ____
Date

_____
Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $   10.00 ____ |
| Mileage | $ _____ ( ____ miles @ $. ____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-195**          1 of 1          Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo